```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

DION FISHER,

v.                                    Case No. 8:18-cr-236-VMC-TGW
                                               8:23-cv-652-VMC-TGW

UNITED STATES OF AMERICA.

_____/

## ORDER

This matter is before the Court on Ground Two of Dion Fisher's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 281). The United States of America responded on August 11, 2023. (Civ. Doc. # 12). Mr. Fisher filed a reply on March 10, 2024. (Civ. Doc. # 17). The Court held an evidentiary hearing on Ground Two on February 5, 2025. (Civ. Doc. # 29). The Motion is denied as to Ground Two.

### I.   Background

The Court has already entered an order denying all grounds of Mr. Fisher's Motion except Ground Two. (Civ. Doc. # 18). The Court already outlined the controlling facts of this case in that order and will not repeat them here.

In that order, the Court determined that an evidentiary hearing was needed for Ground Two, Mr. Fisher's ineffective

assistance of counsel claim regarding his counsel Mr. Kenneth Martin's supposed failure to present Mr. Fisher with the government's proposed plea agreement or otherwise negotiate a plea on his behalf. (Id. at 12-17). An evidentiary hearing was required on Ground Two because the "sworn statements of Mr. Fisher and Mr. Martin [were] directly in conflict" concerning whether Mr. Martin presented Mr. Fisher with the government's proposed plea agreement or otherwise attempted to negotiate a plea agreement on Mr. Fisher's behalf to avoid trial. (Id. at 15).

After the Court entered its order deferring ruling on Ground Two pending an evidentiary hearing, the United States moved to expand the record and submitted an additional affidavit from Mr. Fisher's former counsel, Mr. Mark Rodriguez. (Civ. Doc. # 24-1). According to Mr. Rodriguez's affidavit, he received "a proposed plea agreement for Mr. Fisher and an Acknowledgment of Plea Offer form on or around September 28, 2018," during his representation of Mr. Fisher and before Mr. Martin's representation of Mr. Fisher. (Id. at ¶ 2). Mr. Rodriguez "reviewed the plea agreement with Mr. Fisher at the Pinellas County jail" but "Mr. Fisher rejected the proposed plea agreement." (Id.). Mr. Rodriguez had "Mr. Fisher sign[] the [] Acknowledgment of Plea Offer, dated

2

October 16, 2018, which [Mr. Rodriguez], as his counsel, also signed on the same date." (Id.). Indeed, that Acknowledgment of Plea Offer, signed by Mr. Fisher and Mr. Rodriguez, has been filed on the docket. (Civ. Doc. # 24-2 at 1). It reads: "I, Dion Fisher, acknowledge that I have received the Plea Agreement sent on September 28, 2018, that I have fully discussed with my attorney, and that I reject it." (Id.).

The Court held the evidentiary hearing on Ground Two on February 5, 2025, during which hearing Mr. Fisher was represented by counsel. (Civ. Doc. # 29). During the hearing, the United States presented the testimony of Mr. Martin and an earlier attorney of Mr. Fisher's, Mr. Rodriguez.

Mr. Rodriguez testified that, during his representation of Mr. Fisher, Mr. Fisher did not want to plead guilty to any charges. According to Mr. Rodriguez, Mr. Fisher knowingly rejected the plea agreement proposed by the government after Mr. Rodriguez had gone over it with Mr. Fisher. (Tr. at 13:20-21:13). Mr. Rodriguez's testimony was supported by the Acknowledgment of Plea Offer signed by Mr. Fisher. (Civ. Doc. # 24-2 at 1). After the relationship between Mr. Rodriguez and Mr. Fisher soured, Mr. Rodriguez withdrew as counsel and Mr. Martin was appointed as Mr. Fisher's counsel.

3

At the evidentiary hearing, Mr. Martin testified consistently with his affidavit. Mr. Martin obtained a copy of the government's proposed plea agreement shortly after becoming Mr. Fisher's counsel. (Tr. at 33:13-20). He went over the plea agreement with Mr. Fisher, but Mr. Fisher rejected it. (Id. at 36:6-40:1). According to Mr. Martin, Mr. Fisher was adamant about proceeding to trial and had no interest in engaging in plea negotiations with the government. (Id. at 36:12-37:14, 39:19-40:1). Mr. Martin advised Mr. Fisher that the case against him was very strong and likely to result in conviction at trial. (Id. at 40:25-41:12, 44:4-20). He also discussed with Mr. Fisher the sentencing guidelines that would apply if he pled guilty versus the guidelines if he were found guilty at trial. (Id. at 40:5-24, 43:17-20). Mr. Martin advised Mr. Fisher that it was in his best interest to reach a plea agreement rather than proceed to trial. But, as was his right, Mr. Fisher made the decision to proceed to trial. (Id. at 36:12-37:14, 39:19-42:4).

Also at the evidentiary hearing, Mr. Fisher testified on his own behalf. His testimony conflicted directly with the testimony of both Mr. Rodriguez and Mr. Martin. Regarding Mr. Martin, on whose representation Ground Two is based, Mr.

4

Fisher testified that Mr. Martin did not present him with or discuss the government's proposed plea agreement with him. (Id. at 56:12-59:8, 65:6-10, 67:8-19, 69:17-19). He further testified that it was Mr. Martin — rather than Mr. Fisher — who was insistent about proceeding to trial. (Id. at 67:24-68:3, 69:20-25, 71:2-72:20, 77:3-15). According to Mr. Fisher, he wanted to reach a plea to minimize his potential prison time, but Mr. Martin ignored him.

Having heard this testimony, the Court now makes its factual and legal findings and denies Ground Two of Mr. Fisher's Motion.

## II. Legal Standard

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Mr. Fisher must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (citations omitted). In other words, Mr. Fisher must show that "no competent counsel would have taken

5

the action that his counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Mr. Fisher must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### III. Analysis

Ground Two is an ineffective assistance of counsel claim. Mr. Fisher argues that "[c]ounsel's performance fell below an objective standard of reasonableness when Counsel failed to [n]egotiate a plea agreement that would have minimized the sentencing exposure, instead of proceeding to trial, which yielded a sentence of 30 years." (Civ. Doc. # 1 at 4). According to Mr. Fisher, "he had asked Counsel to negotiate and see what the government was offering in terms of a plea bargain." (Id.). But, Mr. Fisher maintains, "Counsel

6

never informed petitioner of what the government had offered in the form of a plea bargain," and "never presented a plea offer, even after [Mr. Fisher] made a request to seek one." (Id.). Although the Motion uses the general term "counsel," Mr. Fisher's supporting declaration made clear that Ground Two revolved around the supposed actions of Mr. Martin, rather than the actions of his earlier counsel Mr. Rodriguez. See, e.g., (Civ. Doc. # 1-1 at ¶ 4) ("During the time period of being represented by counsel [Mr.] Martin, and right before trial, we discussed the odds of winning in trial and losing. I asked counsel to negotiate a plea agreement. I asked him to relay a proposal that I am willing to plead guilty to several money laundering charges in a plea deal that I only receive a five (5) year prison sentence.").

The Supreme Court has explained that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 566 U.S. 134, 145 (2012). "[I]n order to establish prejudice, a defendant must show a reasonable probability that but for counsel's ineffectiveness: (1) 'the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have

7

withdrawn it in light of intervening circumstances)'; (2) 'the court would have accepted its terms'; and (3) 'the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'" Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014) (citation omitted).

The testimony of Mr. Martin and the testimony of Mr. Fisher presented at the evidentiary hearing cannot be reconciled with one another. Only one version of events can be true. The Court was able to assess the credibility of the witnesses at the evidentiary hearing by observing their demeanors while testifying, the consistency of their testimony, and their interests in testifying. Ultimately, the Court credits the testimony of Mr. Martin and discredits the testimony of Mr. Fisher.

That is, the Court finds that Mr. Martin did advise Mr. Fisher of the government's proposed plea agreement. Despite Mr. Martin's having addressed the details of the plea agreement with Mr. Fisher and its advantages over trial, Mr. Fisher rejected the plea agreement. (Tr. at 36:6-40:1). This decision to reject the government's proposed plea agreement is consistent with Mr. Fisher's previous rejection of a similar plea agreement proposed by the government while Mr.

Fisher was represented by Mr. Rodriguez. (Civ. Doc. # 24-2 at 1).

Furthermore, Mr. Martin discussed plea agreements generally with Mr. Fisher and the advantages of pleading guilty to certain counts in order to secure a lower prison sentence. But, as Mr. Martin testified at the evidentiary hearing and declared in his affidavit, Mr. Fisher was adamant throughout Mr. Martin's representation that Mr. Fisher wanted to go to trial. (Tr. at 36:12-37:14, 39:19-40:1). Mr. Martin advised Mr. Fisher that the government's case against him was very strong and likely to result in a conviction on the majority — if not all — counts. (Id. at 40:25-41:12, 44:4-20). Mr. Fisher was aware that it was ultimately his decision whether to go to trial and Mr. Fisher knowingly made the decision to go to trial. (Id. at 36:12-37:14, 39:19-42:4).

In short, Mr. Martin did not force Mr. Fisher to go to trial, as Mr. Fisher claims. Mr. Fisher, with the benefit of hindsight, now regrets his decision to proceed to trial and is attempting to shift the responsibility for that decision on his counsel. The Court rejects as incredible Mr. Fisher's testimony at the evidentiary hearing. Instead, the Court believes the testimony of Mr. Martin. Despite Mr. Martin's competent advice to plead guilty in light of the overwhelming

9

evidence, Mr. Fisher chose to proceed to trial. Because Mr. Martin conveyed the government's proposed plea agreement to Mr. Fisher and discussed with him the benefits of pleading guilty, Mr. Martin did not perform deficiently. See Moss v. United States, No. 06-20442-CR, 2010 WL 1571199, at *11 (S.D. Fla. Mar. 3, 2010) ("Having carefully attended to the testimony of the witnesses at the evidentiary hearing and considered the entire record in this case, the undersigned credits counsel's testimony that [] she fully advised the movant about the benefits of pleading guilty versus proceeding to trial. Moreover, this court credits counsel's testimony that the government's proposed plea offers were conveyed to the movant who adamantly rejected any plea which required prison time, and that the movant would only consider a plea that would guarantee him probation. The court further finds counsel's testimony more credible and believes that the movant insisted on proceeding to trial and now, in hindsight, regrets his decision. . . . Thus, the movant has failed to make a showing in this collateral proceeding that he wished to enter a guilty plea, nor that he was misadvised or prevented from doing so. Thus, the movant has failed to establish deficient performance or prejudice pursuant to

[Strickland]."), report and recommendation adopted, No. 08-22997-CIV, 2010 WL 1571197 (S.D. Fla. Apr. 20, 2010).

Furthermore, even if Mr. Martin's representation was somehow deficient, Mr. Fisher was not prejudiced because Mr. Fisher was adamant about going to trial. Mr. Fisher would have gone to trial regardless of Mr. Martin's advice. For all these reasons, Ground Two of the Motion fails. The Motion is denied as to Ground Two.

## IV. **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

As to all Grounds of the Motion, the Court declines to issue a certificate of appealability because Mr. Fisher has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Fisher to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Fisher shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Dion Fisher's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 281) is **DENIED** as to Ground Two.

(2) The Motion has already been denied as to Grounds One, Three, First Four, Second Four, Five, Six, First Seven, Second Seven, Eight, Nine, and all construed Grounds. (Doc. # 18).

(3) As all claims have now been resolved, the Clerk is directed to enter judgment in favor of the United States and against Dion Fisher and, thereafter, to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of March, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE